**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 12-3906

---

ANTHONY PRITCHETT,
Appellant

v.

SHAWN WARRENDER, INDIVIDUALLY & IN HIS OFFICIAL CAPACITY AS A DETECTIVE IN THE CITY OF PHILADELPHIA POLICE DEPARTMENT; CITY OF PHILADELPHIA; JOHN DOES 1-10

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Case No. 11-cv-4682)
Magistrate Judge: Honorable Timothy R. Rice

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
Argued: October 8, 2013

Before: FUENTES, GREENBERG, and BARRY, *Circuit Judges*.

(Opinion Filed: November 4, 2013)

Matthew B. Weisberg [Argued]
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070

*Attorney for Appellant*

Elise M. Bruhl [Argued]
Deputy Solicitor, Appeals
City of Philadelphia Law Department
1515 Arch Street, 17th Floor

Philadelphia, PA 19102-1595

*Attorney for Appellees*

---

OPINION OF THE COURT

---

FUENTES, *Circuit Judge*:

 Anthony Pritchett appeals from the District Court's judgment in favor of Shawn Warrender. Pritchett had sought to recover from Warrender, a police detective, for maliciously prosecuting him in violation of 42 U.S.C. § 1983. After the parties presented their evidence at a jury trial, the District Court concluded that Pritchett had not come forward with legally sufficient evidence of malice. The District Court entered judgment as a matter of law for Warrender. We affirm.

### I. Background

 Pritchett's claim of malicious prosecution stems from Pennsylvania's efforts to hold him criminally liable for the theft of a laptop computer. Based largely on the suspicions of Pritchett's work supervisor, who reported the disappearance of her laptop to the police, Warrender arrested Pritchett on July 28, 2010 for three theft-related offenses. But the prosecution stalled. After holding Pritchett in pre-trial custody for months, the government withdrew its charges on January 13, 2011 and he was released.

 Following his release, Pritchett sued Warrender and the City of Philadelphia for maliciously prosecuting him in violation Pennsylvania state law and 42 U.S.C. § 1983. Before trial, the District Court granted summary judgment in the City's favor, but the Court found that disputes of fact precluded summary judgment in Warrender's favor.

 Pritchett presented his case against Warrender to a jury. At the close of the evidence, but before the jury received the case, the District Court heard argument on

Warrender's motion for judgment as a matter of law. The Court focused the parties on element of malice. In particular, the Court questioned how the jury could lawfully conclude that Warrender, for example, had been motivated by spite, did not actually suspect Pritchett of wrongdoing, or intended to prosecute Pritchett for some improper purpose. In response, Pritchett noted that he had offered evidence that Warrender had made a false statement in an affidavit of probable cause. The District Court ruled that Pritchett "need[ed] more than a false statement" in order to reach the jury on the question of malice. (J.A. 174.) The Court then entered judgment in Warrender's favor.

Pritchett now appeals the District Court's judgment on the § 1983 claim.

## II.  Analysis[1]

According to Pritchett, the District Court committed three errors: (1) requiring him to prove the element of malice as distinct from the absence of probable cause; (2) refusing to permit the jury to infer malice from the absence of probable cause; and (3) disregarding the law of the case as established at summary judgment.

None of these arguments persuades us to vacate the judgment of the District Court. First, the trial judge did not err by insisting that Pritchett come forward with evidence of both the absence of probable cause and the presence of malice. In this circuit, a plaintiff seeking to recover for malicious prosecution pursuant to § 1983 must show that a defendant initiated criminal proceedings against him without probable cause. *See, e.g.*,

---

[1] The District Court had jurisdiction over the case pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. The Third Circuit exercises plenary review of a district court's decision to grant a motion for judgment as a matter of law. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 268 (3d Cir. 2012). Accordingly, this Court applies the same standard as a district court: "A motion for judgment as a matter of law should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Id.* (quotation marks omitted).

*Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc). A plaintiff must also show that the defendant "acted maliciously or for a purpose other than bringing the plaintiff to justice." *Id*. The District Court properly separated these two elements. Pritchett rests his contrary view on *Sykes v. Anderson*, where the U.S. Court of Appeals for the Sixth Circuit held that malice was not an element of a § 1983 malicious prosecution claim. *See* 625 F.3d 294, 309-10 (6th Cir. 2010). *Sykes v. Anderson*, however, is not the law in the Third Circuit, so the District Court did not err by requiring the element of malice.

Second, Pritchett cannot obtain a new trial on the grounds that the District Court neglected to invoke the common law doctrine that a fact-finder may infer malice from the absence of probable cause. "[I]t is well established that failure to raise an issue in the district court constitutes a waiver of the argument." *Belitskus v. Pizzingrilli*, 343 F.3d 632, 645 (3d Cir. 2003) (quotation marks and citation omitted). Here, Pritchett failed to invoke the inference of malice before the District Court and therefore did not preserve the issue for review.

Third, the District Court's denial of summary judgment did not create law of the case that ensured Pritchett's claim would reach the jury. "[T]he law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (quotation marks omitted). When the record contains new material evidence, however, a court may revisit an earlier ruling. *Id.* at 787. That is the circumstance here, where the District Court entered judgment as a matter of law on a different and more complete record than the one on which it denied summary judgment. Indeed, the trial judge properly considered

4

Warrender's motion for judgment as a matter of law only after Pritchett had been "fully heard on [the] issue during a jury trial." *See* Fed. R. Civ. P. 50(a)(1).

### III. Conclusion

We affirm the District Court's judgment. Pritchett had the burden to introduce evidence from which the jury could conclude that Warrender acted with malice. He did not meet it. Pritchett conceded to the trial judge that his proof of malice hinged on a false statement in Warrender's affidavit of probable cause. The District Court correctly determined that a malicious prosecution claim required more than a false statement to prevail. Pritchett cannot fault the District Court for failing to infer malice from his evidence regarding the absence of probable cause, because Pritchett never raised that theory to the trial judge. Nor can Pritchett avoid judgment as a matter of law by pointing to a favorable summary judgment ruling. The District Court properly considered whether or not Pritchett had introduced evidence at trial from which the jury could find in his favor.